1 | Gabrielle M. Wirth (SBN 106492)
  | *wirth.gabrielle@dorsey.com*
2 | Erica H. Chen (SBN 312806)
  | *chen.erica@dorsey.com*
3 | **DORSEY & WHITNEY LLP**
  | 600 Anton Blvd., Suite 2000
4 | Costa Mesa, CA  92626-7655
  | Telephone:   (714) 800-1400
5 | Facsimile:    (714) 800-1499
6 | Attorneys for Defendants
  | XPO Logistics Worldwide, Inc., and
7 | XPO Logistics Supply Chain, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO ENRIQUEZ, an individual;<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>XPO LOGISTICS WORLDWIDE, INC., a Delaware corporation; XPO LOGISTICS SUPPLY CHAIN, INC., a North Carolina corporation; and DOES 1 through 50, inclusive;<br><br>　　　　　　Defendants. | CASE NO.:<br><br>[*San Bernardino Superior Court Case No. <u>CIVSB2103497</u>*]<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)**<br><br>**[28 U.S.C. § 1441]**<br><br>[*Filed Concurrently Herewith in Support: Appendix; Declaration of Erica H. Chen; Declaration of Richard Valitutto; Civil Cover Sheet; and Certificate of Interested Parties*]<br><br>State Action Filed:　January 14, 2021<br>Trial Date:　　　　　None Set |

NOTICE OF REMOVAL

## TABLE OF CONTENTS

I. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANTS. ............................................................... 2
- A. Citizenship of Plaintiff .................................................................. 2
- B. Citizenship of Corporate Defendants ........................................... 2
- C. The Doe Defendants ..................................................................... 4

II. PLAINTIFF SEEKS DAMAGES IN EXCESS OF $75,000. ....................... 4
- A. Lost Wages and Benefits .............................................................. 4
- B. Emotional Distress Damages ....................................................... 6
- C. Attorneys' Fees Under Statute ..................................................... 8
- D. Punitive Damages ........................................................................ 9
- E. Summary of Amount in Controversy .......................................... 10

III. DEFENDANTS HAVE SATISFIED ALL REQUIREMENTS TO REMOVE THIS CASE ON DIVERSITY GROUNDS. ................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrade v. Arby's Rest. Group, Inc.*,
   225 F. Supp. 3d 1115 (N.D. Cal. 2016) .................................................................9

*Avila v. P & L Dev., LLC*,
   No. CV 18-01211, 2018 U.S. Dist. LEXIS 65457 (C.D. Cal. Apr.
   18, 2018)..................................................................................................................9

*Betson v. Rite Aid Corp.*,
   34 Trials Digest 14th 9, 2011 WL 3606913 (Cal. Super. May 27,
   2011)........................................................................................................................7

*Canales v. Performance Food Grp., Inc.*,
   No. CV 17-7464, 2017 U.S. Dist. LEXIS 197363 (C.D. Cal. Nov.
   30, 2017)..................................................................................................................7

*Castanon v. Int'l Paper Co.*,
   No. 2:15-cv-08362, 2016 U.S. Dist. LEXIS 17160 (C.D. Cal. Feb.
   11, 2016)..................................................................................................................9

*Castillo v. ABM Indus.*,
   No. 5:17-cv-01889, 2017 U.S. Dist. LEXIS 192939 (C.D. Cal. Nov.
   20, 2017)..................................................................................................................8

*Castle v. Lab. Corp. of Am.*,
   No. 17-cv-02295, 2017 U.S. Dist. LEXIS 73701, 2017 WL
   2111591 (C.D. Cal. May 15, 2017)........................................................................8

*Chambers v. Penske Truck Leasing Corp.*,
   No. 1:11-cv-00381, 2011 U.S. Dist. LEXIS 41359 (E.D. Cal. Apr.
   15, 2011)................................................................................................................10

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018)..........................................................................5, 6, 8

*Commodore Home Systems, Inc. v. Superior Court*,
   32 Cal. 3d 211 (1982).............................................................................................6

*Conrad Associates v. Hartford Accident & Indemnity Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998) ................................................................... 9

*Galt G/S v. JSS Scandinavia*,
  142 F. 3d 1150 (9th Cir. 1998) .......................................................................... 8

*Garcia v. ACE Cash Express, Inc.*,
  2014 U.S. Dist. LEXIS 76351 (C.D. Cal. May 30, 2014) ..................................... 9

*Gomez v. Magco Drilling*,
  JVR No. 1510280054, 2015 WL 6523737 (Cal. Super. Sept. 24,
  2015) ................................................................................................................ 7

*Gonzales v. CarMax Auto Superstores*,
  LLC, 840 F.3d 644 (9th Cir. 2016) ..................................................................... 5

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ............................................................................. 4

*Hancock v. Time Warner Cable L.L.C.*,
  JVR No. 1508120032, 2015 WL 4771468 (Cal. Super. May 22,
  2015) ........................................................................................................... 7, 10

*Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010) ................................................................................. 2, 3

*Izaguirre v. Int'l Coffee & Tea LLC*,
  50 Trials Digest 16th 13, 2013 WL 6624243 (Cal. Super. Sept. 26,
  2013) ................................................................................................................ 7

*Ko v. The Square Grp.*,
  JVR No. 1503030036, 2014 WL 8108413 (Cal. Super. June 16,
  2014) ........................................................................................................... 7, 10

*Kroske v. U.S. Bank Corp.*,
  432 F.3d 976 (9th Cir. 2005) ............................................................................. 7

*Lucas v. Michael Kors (USA) Inc.*,
  No. CV 18-1608, 2018 U.S. Dist. LEXIS 78510 (C.D. Cal. May 9,
  2018) ................................................................................................................ 8

*Lurie Co. v. Loew's San Francisco Hotel Corp.*,
  315 F. Supp. 405 (N.D. Cal. 1970) ................................................................... 2

iii
TABLE OF AUTHORITIES
IN SUPPORT OF NOTICE OF REMOVAL

*Magana v. Performance Food Grp., Inc.*,
  No. CV 17-7473, 2017 U.S. Dist. LEXIS 197268 (C.D. Cal. Nov.
  30, 2017) ................................................................................................. 7

*McCabe v. General Foods Corp.*,
  811 F.2d 1336 (9th Cir. 1987) .................................................................. 4

*Mejia v. Parker Hannifin Corp.*,
  No. CV 17-8477, 2018 U.S. Dist. LEXIS 13289 (C.D. Cal. Jan. 26,
  2018) ...................................................................................................... 10

*Narayan v. Compass Grp. USA, Inc.*,
  284 F. Supp. 3d 1076 (E.D. Cal. 2018) .................................................. 10

*Plata v. Target Corp.*,
  2016 U.S. Dist. LEXIS 147728 (C.D. Cal. Oct. 25, 2016) ...................... 8

*Ponce v. Med. Eyeglass Ctr., Inc.*,
  No. 2:15-CV-04035, 2015 U.S. Dist. LEXIS 98517 (C.D. Cal. July
  27, 2015) ................................................................................................. 9

*Richmond v. Allstate Ins. Co.*,
  897 F. Supp. 447 (S.D. Cal. 1995) .......................................................... 9

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) .................................................................. 4

*Sasso v. Noble Utah Long Beach, LLC*,
  No. CV 14-09154, 2015 U.S. Dist. LEXIS 25921 (C.D. Cal. Mar. 3,
  2015) ....................................................................................................... 9

*Simmons v. PCR Technology*,
  209 F. Supp. 2d 1029 (N.D. Cal. 2002) ...................................... 6, 8, 10

*Stainbrook v. Target Corp.*,
  No. 2:16-CV-00090, 2016 U.S. Dist. LEXIS 74833 (C.D. Cal. June
  8, 2016) ................................................................................................... 9

*Tosco Corp. v. Communities for a Better Environment*,
  236 F.3d 495 (9th Cir. 2001) .................................................................. 3

*Unger v. Del E. Webb Corp.*,
  233 F. Supp. 713 (N.D. Cal 1964) .......................................................... 3

*Wysinger v. Auto. Club of S. Cal.*,
   157 Cal. App. 4th 413 (2007) ................................................................................ 5

**Statutes**

28 U.S.C. § 84 ........................................................................................................... 11

28 U.S.C. § 1332 ..................................................................................................... 1, 3

28 U.S.C. § 1332(a) ......................................................................................... 1, 2, 4, 11

28 U.S.C. § 1332(c) ..................................................................................................... 2

28 U.S.C. § 1391(a) ................................................................................................... 11

28 U.S.C. § 1441 ......................................................................................................... 3

28 U.S.C. § 1441(a) ............................................................................................... 1, 11

28 U.S.C. § 1441(b) ..................................................................................................... 1

28 U.S.C. § 1441(b)(1) ................................................................................................ 4

28 U.S.C. § 1446(b) ............................................................................................... 1, 11

28 U.S.C. § 1446(c) ..................................................................................................... 1

28 U.S.C. § 1446(d) ................................................................................................... 12

Cal. Gov. Code §12940, *et seq.* ............................................................................... 1, 5

Cal. Gov. Code 12965(b) ............................................................................................. 8

California Fair Employment and House Act .................................................... *passim*

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants XPO Logistics Worldwide, Inc. and XPO Logistics Supply Chain, Inc. (collectively "Defendants") hereby invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b) and remove this action from state court to federal court pursuant to 28 U.S.C. § 1446(b)-(c). Removal is proper on the following grounds:

1. On January 14, 2021, Plaintiff Alejandro Enriquez ("Plaintiff" and/or "Enriquez") filed a civil action in the Superior Court of the State of California for the County of San Bernardino, entitled *Alejandro Enriquez, an individual vs. XPO Logistics Worldwide, Inc., XPO Logistics Supply Chain, Inc., and DOES 1 through 50*, Case No. CIVSB2103497 (the "Complaint" or "State Court Action").

2. Defendant XPO Logistics Worldwide, Inc. was personally served the Summons and complaint on March 15, 2021. *See* Declaration of Richard Valitutto ("Valitutto Decl."), ¶ 2, Exhibit 1. Defendant XPO Logistics Supply Chain, Inc. was personally served the Summons and Complaint on March 16, 2021. *See Id.*, ¶ 3, Exhibit 2. A true and correct copy of the Summons and Complaint are attached to the Appendix of State Court Pleadings and Documents ("Appendix") filed concurrently herewith.

3. The Complaint asserts six causes of action against Defendants for: (1) Disability Discrimination in Violation of Cal. Gov. Code § 12940 *et seq.* (FEHA); (2) Failure to Prevent Discrimination and Harassment in Violation of FEHA; (3) Failure to Accommodate in Violation of FEHA; (4) Failure to Engage in the Interactive Process in Violation of FEHA; (5) Retaliation in Violation of FEHA; and (6) Wrongful Termination in Violation of Public Policy.

4. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action

///

between citizens of different states and the matter in controversy more likely than not exceeds the sum of $75,000, exclusive of interest and costs.

## I. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANTS.

5. As set forth below, complete diversity exists between Plaintiff, on the one hand, and Defendants, on the other hand.

### A. Citizenship of Plaintiff

6. During the period of Plaintiff's employment, Plaintiff was a resident of the State of California. Valitutto Decl., ¶ 10. In his Complaint, Plaintiff alleges that he "was and is a resident of the State of California, County of Los Angeles." Complaint, ¶ 1. Accordingly, Plaintiff is, and at all relevant times and from the filing of the Complaint through the date of removal has been, a citizen of California for purposes of determining diversity. 28 U.S.C. § 1332(a).

### B. Citizenship of Corporate Defendants

7. A corporation is a "citizen" of both the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

8. From the time Plaintiff filed his Complaint, through the date of removal, Defendant XPO Logistics Worldwide, Inc. has been incorporated under the laws of the State of Delaware and Defendant XPO Logistics Supply Chain, Inc. has been incorporated under the laws of the State of North Carolina. Valitutto Decl., ¶ 6.

9. Both Defendants share the same principal place of business in the State of North Carolina, pursuant to the "nerve center test.[1]" *Hertz Corp. v. Friend*, 130

---

[1] The "nerve center" test is generally utilized when a corporation's activities are conducted in many states. *See Lurie Co. v. Loew's San Francisco Hotel Corp.*, 315 F. Supp. 405, 412 (N.D. Cal. 1970). Defendants conduct business and widely operate across the United States and do not conduct a majority or predominance of their business in any single state. *See* Valitutto Decl., ¶ 8. Therefore, the nerve center test is most appropriate. *See id*. In any event, given that Defendants' central

S. Ct. 1181, 1184-1185 (2010) (adopting "nerve center" test for establishing principal place of business). "In an effort to find a single, more uniform interpretation" of "principal place of business," the United States Supreme Court held in *Hertz Corp.*, that "principal place of business" is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1192. In other words, a corporation's principal place of business is, "the place that Courts of Appeals have called the corporation's 'nerve center.'" *Id.* "[I]n practice," it is "the place where the corporation maintains its headquarters." *Id.* Additionally, relevant considerations under the "nerve center" test include: (1) where the executives have their offices; (2) where the administrative and financial offices are located and the records kept; (3) where the corporate income tax return is filed; (4) where the "home office" is located; and (5) where day-to-day control of the business is exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal 1964).

10. Defendants meet the above-articulated test. Defendants maintain their headquarters, or "home office" at the same place in High Point, North Carolina, where almost all of the top executives work, direct, control, and coordinate Defendants' activities. Valitutto Decl., ¶¶ 6-7. Defendants also maintain their corporate records and control business and activities from North Carolina. *Id.* at ¶ 7. Finally, Defendants file corporate income tax returns in North Carolina. *Id.*

11. As such, this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441.

///

///

---

functions are concentrated in North Carolina, the "place of operations" for Defendants also is in North Carolina. *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 497 (9th Cir. 2001).

### C. The Doe Defendants

12. Defendants are not aware that any other Doe Defendants have been served with a copy of the Summons and Complaint or that any have been named as a party to the State Court Action. *See Id.*, ¶ 5. The Court may disregard unidentified Doe Defendants for purposes of determining whether diversity jurisdiction exists. 28 U.S.C. § 1441(b)(1); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

## II. PLAINTIFF SEEKS DAMAGES IN EXCESS OF $75,000.

13. Plaintiff pled in his Complaint to omit any direct references to the amount in controversy, stating that he seeks general and special damages, including lost wages and benefits, the loss of employment-related opportunities and emotional distress, incidental and consequential damages, prejudgment interest, exemplary and punitive damages, as well as attorney fees and costs of suit. Complaint, ¶¶ 25-26, 34-38, 44-47, 56-60, 65-69, 74-77, 81-84 and Prayer for Relief ("Prayer"), ¶¶ 1-10.

14. Where, like here, a complaint filed in state court is unclear as to the amount in controversy, a removing party need only show that it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Although Plaintiff did not specify the amount in controversy in his Complaint, the allegations of the Complaint (although contested by Defendants) together with the relief sought by Plaintiff demonstrate it is more likely than not that the amount in controversy sought by this Complaint exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). This is based on the following:

### A. Lost Wages and Benefits

15. Plaintiff's Complaint alleges, among other claims, that his employment was terminated as a result of alleged violations of the California Fair

Employment and House Act ("FEHA"), including discrimination on the basis of disability and retaliation. Complaint, ¶¶ 21-22, 30-31, 73, 80. Plaintiff also asserts a claim based on failure to prevent discrimination in violation of Cal. Gov. Code §12940, *et seq.* as well as claims for failure to accommodate in violation of Cal. Gov. Code §12940, *et seq.* and failure to engage in the interactive process. *Id.* at ¶¶ 41-43, 50-55, 63-64. Plaintiff claims lost income and other benefits with respect to each of these claims, and the FEHA authorizes lost wages as damages.[2] *See Id.* at ¶¶ 34, 44, 56, 65, 74, 81; *Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 427 (2007) ("Under FEHA, an employee . . . may be compensated for a future loss of earnings.").

16. Importantly, the Ninth Circuit recently clarified that future lost wages, i.e., lost wages beyond the date of removal, are properly considered in determining the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). The court explained that the correct measure is the "amount at stake in the underlying litigation." *Id.* (citing *Gonzales v. CarMax Auto Superstores*, LLC, 840 F.3d 644, 648 (9th Cir. 2016)). The court held that the fact that "the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy," explaining:

> If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are "at stake" in the litigation, whatever the likelihood that she will actually recover them. In such a situation, although the plaintiff's

---

[2] Plaintiff's Sixth Cause of Action for Wrongful Termination in Violation of Public Policy is a common law claim based on the same conduct alleged in his FEHA claims. *See* Complaint, ¶ 80.

employer would have paid the wages in the future had she remained employed, they are presently in controversy. *Id.*

17. Accordingly, the proper measure of lost wages (as well as other claimed damages) for the amount in controversy is the amount which would be incurred up until trial.

18. Here, Plaintiff was a full time employee with a base salary of $52,500 and was paid $2,019.24 bi-weekly (totaling $4,038.48 per month). *See* Valitutto Decl., ¶ 10. Defendants' records reflect that Plaintiff was terminated on or about April 27, 2020. *Id.* Based on the conservative estimate of a trial date one year from the date of filing, the time between his termination to the trial date of January 14, 2022 (one year from the date of the January 14, 2021 filing) is approximately twenty months and two weeks. At Plaintiff's salary, twenty months and two weeks total **$82,788.84** in lost wages. This alone would meet the amount in controversy threshold.

**B.    Emotional Distress Damages**

19. Plaintiff also seeks damages for emotional distress, including "emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms" which he has and continues to suffer and which are authorized under FEHA. *See* Complaint, ¶¶ 26, 35, 45, 57, 66, 75, 82; *Commodore Home Systems, Inc. v. Superior Court*, 32 Cal. 3d 211, 215 (1982) (emotional distress damages recoverable under FEHA statutory scheme). These emotional distress damages are included in the amount of controversy. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). While plaintiff does not specify the amount he seeks, "emotional distress damages in a successful employment discrimination case may be substantial," and that rings particularly true for disability discrimination and retaliation cases such as the present case. *Id.*

///

///

20.     For example, in *Ko v. The Square Grp.*, JVR No. 1503030036, 2014 WL 8108413 (Cal. Super. June 16, 2014),[3] the plaintiff alleged she had been discriminated against based on her disability after she was denied medical leave and an interactive process meeting, and then was terminated, and the jury awarded her $125,000 in pain and suffering damages.  In *Gomez v. Magco Drilling*, JVR No. 1510280054, 2015 WL 6523737 (Cal. Super. Sept. 24, 2015), the jury awarded $45,000 in pain and suffering to a plaintiff for disability discrimination and failure to accommodate where the plaintiff was terminated following requests for accommodation.  *See also Betson v. Rite Aid Corp.*, 34 Trials Digest 14th 9, 2011 WL 3606913 (Cal. Super. May 27, 2011) (an employee suffered an injury and spent several months on medical leave but was terminated shortly after her return; the jury awarded $500,000 for past and future non-economic damages); *Izaguirre v. Int'l Coffee & Tea LLC*, 50 Trials Digest 16th 13, 2013 WL 6624243 (Cal. Super. Sept. 26, 2013) (awarding $80,000 in past non-economic damages where the defendant fired the plaintiff after she fractured her wrist); *Hancock v. Time Warner Cable L.L.C.*, JVR No. 1508120032, 2015 WL 4771468 (Cal. Super. May 22, 2015) (awarding $450,000 for past non-economic losses where the defendant fired the plaintiff after she suffered a job-related injury).

21.     Indeed, courts in this district routinely find that $25,000 is a reasonable *minimum* estimate of the amount in controversy for similar employment discrimination actions.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding no clear error in district court's conclusion that emotional distress damages in FEHA action would add at least an additional $25,000 to plaintiff's claim); *Canales v. Performance Food Grp., Inc.*, No. CV 17-7464, 2017 U.S. Dist. LEXIS 197363, at *11-12 (C.D. Cal. Nov. 30, 2017) (finding that Plaintiff could obtain emotional distress damages of at least $25,000); *Magana v. Performance*

---

[3] Each of these summaries of jury verdicts are attached to the Declaration of Erica H. Chen filed herewith.

*Food Grp., Inc.*, No. CV 17-7473, 2017 U.S. Dist. LEXIS 197268, at *11 (C.D. Cal. Nov. 30, 2017) (finding emotional distress damages of at least $25,000 plausible); *Castillo v. ABM Indus.*, No. 5:17-cv-01889, 2017 U.S. Dist. LEXIS 192939, at *11 (C.D. Cal. Nov. 20, 2017) (finding $25,000 as a conservative estimate of non-economic damages in a disability discrimination case); *Castle v. Lab. Corp. of Am.*, No. 17-cv-02295, 2017 U.S. Dist. LEXIS 73701, 2017 WL 2111591, at *4 (C.D. Cal. May 15, 2017) (finding that emotional distress damages of at least $25,000 could result from a plaintiff's verdict); *Plata v. Target Corp.*, 2016 U.S. Dist. LEXIS 147728, *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses).

22. Accordingly, a conservative measure of Plaintiff's claimed emotional distress damages is **$25,000**.

### C. Attorneys' Fees Under Statute

23. If attorneys' fees are recoverable by statute, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998). Here, Plaintiff seeks attorneys' fees pursuant to the terms of FEHA which authorizes attorneys' fees. *See* Complaint, ¶¶ 36, 46, 58, 67, 76, 83, and Prayer, ¶ 5; Cal. Gov. Code 12965(b). Under *Chavez*, both past and future attorneys' fees are to be considered, including up until the time of trial. *Chavez*, 888 F.3d at 417; *Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608, 2018 U.S. Dist. LEXIS 78510, at *32 (C.D. Cal. May 9, 2018) (under *Chavez*, "unaccrued post-removal attorneys' fees can be factored into the amount in controversy").

24. Employment discrimination cases have been found to "require substantial effort from counsel." *Simmons*, 209 F. Supp. 2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often

exceed the damages"). Courts in this district have routinely held that a "reasonable hourly rate for employment cases is $300 per hour," and a "reasonable estimate of the number of hours expended through trial. . . range[s] from 100 to 300 [attorney] hours," making $30,000 (based on 100 hours) an "appropriate and conservative estimate." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154, 2015 U.S. Dist. LEXIS 25921, at *9 (C.D. Cal. Mar. 3, 2015); *Avila v. P & L Dev., LLC*, No. CV 18-01211, 2018 U.S. Dist. LEXIS 65457, at *12 (C.D. Cal. Apr. 18, 2018) (adopting *Sasso* estimate) (same); *Stainbrook v. Target Corp.*, No. 2:16-CV-00090, 2016 U.S. Dist. LEXIS 74833, at *13 (C.D. Cal. June 8, 2016) (same); *Castanon v. Int'l Paper Co.*, No. 2:15-cv-08362, 2016 U.S. Dist. LEXIS 17160, at *13-14 (C.D. Cal. Feb. 11, 2016) (same); *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 2:15-CV-04035, 2015 U.S. Dist. LEXIS 98517, at *7-9 (C.D. Cal. July 27, 2015) (same); *Garcia v. ACE Cash Express, Inc.*, 2014 U.S. Dist. LEXIS 76351, at *5 (C.D. Cal. May 30, 2014) (same).

25. Accordingly, a conservative estimate of Plaintiff's claimed attorneys' fee award is **$30,000**.

### D. Punitive Damages

26. Punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law. *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198-99 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995). In California, punitive damages are available for violations of FEHA. *Andrade v. Arby's Rest. Group, Inc.*, 225 F. Supp. 3d 1115, 1143 (N.D. Cal. 2016). Indeed, here, Plaintiff's Complaint alleges a claim for recovery of punitive damages, and Plaintiff seeks punitive damages in each of his causes of action. *See* Complaint, ¶¶ 37-38, 47, 59-60, 68-69, 77, 84, and Prayer, ¶ 7.

27. Defendants maintain that the facts here will ultimately demonstrate that Plaintiff is not entitled to punitive damages; however, if each of the facts as

alleged by Plaintiff are taken to be true, a substantial punitive damages award is more likely than not. *See, e.g., Ko*, 2014 WL 8108413 (awarding $500,000 in punitive damages in disability discrimination case); *Hancock*, 2015 WL 4771468 (awarding over two million dollars in punitive damages on discrimination claim based on injury). *See also Simmons*, 209 F. Supp. 2d at 1034-35 (collecting cases which "demonstrate the potential for large punitive damage awards in employment discrimination cases").

28.     As the court in *Narayan v. Compass Grp. USA, Inc.*, 284 F. Supp. 3d 1076, 1091 (E.D. Cal. 2018) explained, "if the Plaintiff prevails on all his claims, which [the court] must presume, the jury will have concluded that [Defendant] discriminated against [its] employee because of an injury . . . [i]t is not at all difficult to imagine a jury imposing a substantial punitive damages award in light of such a conclusion." *See also Chambers v. Penske Truck Leasing Corp.*, No. 1:11-cv-00381, 2011 U.S. Dist. LEXIS 41359, at *9 (E.D. Cal. Apr. 15, 2011) (explaining the potential for "substantial" punitive damages awards in "wrongful termination matters following health-related or injury-related absences, requests for reduced hours, or similar accommodation requests by plaintiffs"); *Mejia v. Parker Hannifin Corp.*, No. CV 17-8477, 2018 U.S. Dist. LEXIS 13289, at *12 (C.D. Cal. Jan. 26, 2018) (explaining the court "need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on his Complaint").

**E.     Summary of Amount in Controversy**

29.     In summary, although Defendants deny each and every one of Plaintiff's claims and factual allegations, the damages that Plaintiff's Complaint seeks nevertheless include:

- Lost wages at a reasonable minimum of **$82,788.84**;
- Emotional distress damages at a reasonable minimum of **$25,000**;
- Attorneys' fees at a reasonable minimum of **$30,000**; and

- Punitive damages.

30. Plaintiff alleges damages totaling no less than $137,788.84 before factoring in any amount for punitive damages, which could extend beyond the $75,000 jurisdictional threshold in their own right. Accordingly, given all of the circumstances, and although Defendants deny that the Plaintiff is entitled to any damages at all, Defendants have demonstrated it is more likely than not that based on the allegations pled in Plaintiff's Complaint, Plaintiff is seeking an amount in controversy exceeding $75,000, exclusive of interest and costs.

### III. DEFENDANTS HAVE SATISFIED ALL REQUIREMENTS TO REMOVE THIS CASE ON DIVERSITY GROUNDS.

31. Because Plaintiff is a citizen of California and Defendants are citizens of states other than California, complete diversity exists under 28 U.S.C. § 1332(a).

32. Additionally, as set forth above, Defendants have demonstrated that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. Thus, the amount-in-controversy requirement for federal diversity jurisdiction is also satisfied. 28 U.S.C. § 1332(a).

33. Because complete diversity exists between Plaintiff and Defendants, and the matter in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, pursuant to 28 U.S.C. § 1441(a), Defendants may remove this action to this Court.

34. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and § 1391(a) because the State Court Action was filed in this District, and this is the judicial district in which the action arose. *See* 28 U.S.C. § 84.

35. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon

1  which such action or proceeding is based."  Here, the Complaint was filed on
2  January 14, 2021.  It was served on Defendants on March 15 and 16, 2021, thus, the
3  deadline to file the instant Notice of Removal is April 14, 2021.  *See* Valitutto
4  Decl., ¶¶ 2-3.

5       36.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this
6  Notice of Removal is being provided to all adverse parties, and a copy of this
7  Notice is being filed with the Clerk of the Superior Court of the State of California
8  for the County of San Bernardino.

10  DATED:  April 14, 2021        DORSEY & WHITNEY LLP

12                            By:   */s/Erica H. Chen*
                                 Gabrielle M. Wirth
                                 Erica H. Chen
                                 Attorneys for Defendants
                                 XPO Logistics Worldwide, Inc., and
                                 XPO Logistics Supply Chain, Inc.

# CERTIFICATE OF SERVICE

Not All Case Participants are registered for the USDC CM/ECF System

*Alejandro Enriquez v. XPO Logistics Worldwide, Inc., et al.*
*United States District Court*
*Central District of California – Eastern Division*
Case No.: _____

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY); [28 U.S.C. § 1441]**

    I hereby certify on April 14, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

    Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

    Participants in the case who are not registered CM/ECF Users will be served by the following method:

| | |
|---|---|
| Joseph M. Lovretovich<br>jml@jmllaw.com<br>Eric M. Gruzen<br>egruzen@jmllaw.com<br>Shahla Jalil-Valles<br>shahla@jmllaw.com<br>**JML LAW**<br>**A Professional Law Corporation**<br>5855 Topanga Canyon Blvd., Suite 300<br>Woodland Hills, CA  91367-4620<br>Telephone:  (818) 610-8800<br>Facsimile:   (818) 610-3030<br><br>*Attorneys for Plaintiff*<br>*Alejandro Enriquez* | *Via Overnight Delivery*<br><br>I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery. |

DATED:  April 14, 2021

DORSEY & WHITNEY LLP

By:  /s/Erica H. Chen
       Erica H. Chen